Good morning, Your Honors. May it please the Court, my name is Thomas Case. I represent Appellants, Fidelity National Financial, and Fidelity Express Network. I'd like to reserve five minutes for rebuttal. In this case, after Fidelity obtained a California federal judgment, it registered that judgment under 28 U.S.C. section 1963 in the state of Washington and then re-registered the Washington judgment in the state of Arizona. In the previous appeal in this case, the Court held that successive registration was proper. The question in this case is why is it not necessary for the state of Washington to have personal jurisdiction over the judgment debtors to register that judgment in Washington? Well, first, it's the plain terms of the statute, section 1963. It simply states, quote, a judgment in an action for the recovery of money or property entered in any district court may be registered by filing a certified copy of the judgment in any other district. Then it goes on to say, quote, a judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. What are you, you're quoting something, right? Yes, that's section. What are you quoting? 28 U.S.C. section 1963. Okay, thank you. You're welcome. There is no jurisdictional requirement in the plain language of the statute. Second, the policy underlying section 1963 is to make it easier and more efficient for judgment creditors to collect their judgments. Every single court to reach the issue now before this court, either under section 1963 or similar statutes, has relied on that policy to promote the efficient collection of judgments to hold that personal jurisdiction is not necessary in the registering state when you're registering a judgment. So is that why? I mean, I'm trying to figure out, and maybe you're answering that now, is why can parties register judgments in states where they would not be able to enforce those judgments because personal jurisdiction is lacking? Yes, the reason is section 1963 was purposely enacted by Congress to make it easier for you to be ready to enforce the judgment when and if property ended up in that state. That's the holdings of many of the cases that we've cited. So the plain language of the statute doesn't require registration. The policies underlying the statute would disfavor requiring personal jurisdiction. The only question remains is, does the Constitution require personal jurisdiction? And the answer to that is no, because registering judgments in other districts, the only thing it does is expand the number of districts in which you might be able to enforce the judgment. This is a procedural issue. In other words, it doesn't affect the substantive rights of the judgment debtor. Why didn't this work the first time around in Arizona? Oh, I see. What happened? There was a time when it was registered and it lapsed. Yes, it lapsed because we had attempted to renew it in Arizona, and the procedures were not properly followed, and the Arizona court said if you don't follow the procedures exactly, the judgment is not renewed and it lapses. You had an opportunity. There was a period of time there. Yes. What happened? We blew it. The papers that were filed with the court in Arizona didn't exactly meet all the criteria of the statute for renewing an Arizona judgment. Where did the Arizona district court get the notion that personal jurisdiction in the registration state, in this case Washington, was required? An excellent question. The district court misinterpreted the court's previous decision on appeal in this case. You mean something implied from the earlier appeal? Yes. The district court's interpretation was as follows. If the new Washington judgment was a new judgment in that it could be registered in Arizona, or re-registered in this case, that must mean that it could be enforced in Washington. Therefore, the district court said that the Ninth Circuit in the previous appeal had erased the distinction between registration and enforcement. And since personal jurisdiction would be required for enforcement, therefore, the district court reasoned personal jurisdiction must be required for registration because in the district court's view the Ninth Circuit had erased the distinction between enforcement and registration. The flaw in that argument is that no one has ever tried to enforce this judgment in Washington, and neither this court nor anyone else has reached the issue of what sort of minimum contacts or personal jurisdiction would be required if enforcement was sought. What do you mean by no one has tried to enforce the judgment? You mean to say, you know, garnish somebody's bank account there or something like that? Correct. Correct. Isn't that what you're getting at ultimately in this case? Well, as in any case to collect a judgment, we would like to collect our judgment. Yes, if there's no property in Washington. But in a way, maybe following up on Judge McGee's question, registering the judgment in Washington, it's almost a subterfuge. It's the only way to get back into Arizona, isn't it? Yes, I wouldn't call it a subterfuge. I mean, the previous panel decided that that was proper, and as attorneys it's our job to sometimes find a workaround. If, for example, the statute of limitations had run on our tort claim, well then we'll look for a contract claim that had a longer statute of limitations. So I don't think of it as a subterfuge, and neither did the court last time around in this appeal. It was simply a workaround, and it's our job as attorneys to do what's necessary to try to collect these judgments and use the law as written. And the law as written allowed us to register this California judgment in Washington and then re-register it in Arizona. And there's absolutely nothing either in the statute, in the policies underlying the statute, or in the constitutional rights of due process that require the State of Washington to have personal jurisdiction or any contacts really with the judgment debtors to simply register the judgment there. The district court's opinion that this court had erased the distinction between enforcement and registration is simply a misinterpretation of that case. That issue was never reached. In fact, the court expressly remanded the case to the district court to address the jurisdictional issue because it didn't reach that issue. So for the district court to say that this court has erased the distinction between registration and enforcement is simply a misinterpretation of that case. It never reached that issue. That's why we're here today. I'm curious. Washington? Why Washington? Washington has a long enough statute of limitations for registering out-of-state judgments, so it was an available state. There's other states that we could have used, but that's the reason we used Washington. In other words, any state for which there was still time left to register an out-of-state judgment would have done just as well and would have been just as proper. Again, the registration of a judgment simply expands the venues in which the judgment can be enforced. That's not changing the substantive nature of the underlying judgment. The judgment debtors got all the process that was due to them, all the due process they were entitled to as far as registration goes in the original lawsuit. If the judgment creditors had tried to change the substantive judgment somehow, to increase the amount of money that was owed or to add a party who wasn't a party to the original lawsuit, then we would be changing a substantive right and there would be a due process issue. When all we're doing is increasing the number of... Let me ask a question while I still remember it. So your intent then is when you register the judgment in Washington, and then I guess that case would say that results in a new judgment or something like that, so you can register it in Arizona, right? Correct. And Arizona is where you would then make attempts to enforce the judgment. Is that right? That's correct, Your Honor. And I suppose you're prepared if you have to. Maybe it's not contested, but the Arizona court has personal jurisdiction over the judgment debtor. That's undisputed, Your Honor. There's no question about that. Absolutely. All right. And if the judgment debtors transferred funds to Washington, we would be ready to try to execute the judgment there. And in this day and age when funds can be wired and electronically transferred and sent through a computer at nanosecond speed, the purpose of Section 1963 is enforced by allowing these sorts of registrations without requiring any minimum contacts. Otherwise, it's just an invitation for the judgment debtors to find the jurisdiction that you haven't registered yet and send the money there real quickly. The whole purpose of Section 1963 is to make sure that that sort of thing doesn't happen. And since, again, it's simply a procedural mechanism to increase the number of venues where the judgment could be enforced, it's not affecting a substantive right, and therefore there's no trigger for due process. Again, the judgment debtors got all the process that was due them as far as registration goes when they litigated the original lawsuit. And in this context, a requirement of personal jurisdiction is an element of due process. It certainly is, yes, Your Honor. And they get that due process both when they litigate the original case and if we use the Arizona procedures to try to execute on their assets, they get their due process there too. But if all we're doing is registering it in another state and we haven't tried to enforce it and we're simply, you know, using the policies underlying Section 1963 to ensure that we're ready to get that judgment enforced if we need it, then we're all on safe ground. Do you want to reserve the balance of your time? I would like to reserve the rest of my time, Your Honor. Good morning, Your Honors. May it please the Court, I'm David Bass. I'm appearing on behalf of all of the appellees and defendants. I want to focus, before I go through a structured outline, on something that came up so it's absolutely clear for this panel. Counsel pointed out that no one has tried to enforce this judgment in Washington. Let me make it absolutely clear. The findings in the district court, which absolutely got this issue correct on jurisdiction, is that there was no personal jurisdiction in Washington conceded by fidelity. There was no reason to be in Washington. They didn't live there. They never been there. They own no property there. They didn't transfer anything. The hypothetical idea that maybe if at some point they could electronically ---- The reason why he's there? The reason he's there. The question is, should personal jurisdiction be required to register the judgment? And the answer is absolutely yes, and the district court got it right, and I'll explain why. I just wanted to make clear. There is no jurisdiction over there in them. There's no property there. The reason is this. 1963 points out, and the policy is we want judgment creditors to be able to collect judgments when the assets could get dispersed throughout the United States. I agree with that. Who couldn't? That's what the statute provides. So if there are assets and money in Washington, register and go get it. But it also says, and the weight of the authority, that every single case deals with personal jurisdiction. You register the judgment in a new district because the people are there or the assets are there. And the statute says that by registering a district court judgment from another district, in a new district, in a new state, you are creating an original judgment. As if there had been a trial on the merits in that district. So in this case, and to quote Fidelity's counsel, they blew it in Arizona. What's your best case? What's your best authority? Is there? Yes. I think Del Prado is good. I think Dictor is good. I think Squeezer. What's your best case, she said. She said don't give her a string citation. What's your best case? I think the district court judgment is. District court in this case? I think the district court in this case, and I think that the statute, I think the Del Prado. She asked you what's your best case. It's not the statute. Well, I think there's. Why don't you listen to the question? Thank you, Your Honor. I apologize. I think the Del Prado case is a case where a successive registration of a judgment was recognized as an independent judgment in the second court and state because that original judgment that came out of that second state was a state where there was no issue as to jurisdiction. There isn't a single case cited by anyone that shows that an original judgment can be created in a district without having personal jurisdiction. There are cases such as Dictor where a case was registered in the judgment, in the district, and subsequent to that time, the judgment debtor came into the jurisdiction. Therefore, there was no issue as to whether to set it aside. They revived it.  There was jurisdiction. And does Del Prado or Dictor, I guess, tell us that registering a judgment triggers a due process right for debtors? It states that an original jurisdiction judgment issued by a sister state is valid after there's jurisdiction over that. It was assumed that there was jurisdiction. There were assets in the state where it was registered. And so your answer to that question is that registering a judgment does trigger a due process right for debtors. I'm trying to understand how that is. Yes. I mean, the statute doesn't say anything about that. Because it's assumed that there is jurisdiction in the state of Ohio where they or Illinois where it was registered. The point in this case and in the Ninth Circuit, the Ninth Circuit in the prior. But is that true even if the creditor has not attempted to enforce the judgment? I mean, doesn't that just become true when the creditor tries to enforce the judgment? It depends where they're trying to enforce it. Well, here. It's Arizona. Okay, here in Arizona. When you try to enforce it in Arizona, you're coming to the Arizona court and you're saying, I have a Washington judgment, and presenting it as if there had been a Washington judgment, referred to an original judgment, on the merits, as if the parties had fully litigated that judgment, as if the parties had a trial on the merits in that jurisdiction. Essentially, what would happen without that is that there would be a proliferation of judgments without having any kind of connection to jurisdiction over the defendants. That is not consistent with the rule that's been established by federal courts. In contrast, there were cases cited state courts which allowed for a wait-and-see, a register like a UCC-1 as a blanket registration. If someone came into the jurisdiction, they would enforce it. None of those cases involve successive registration of a registered judgment in another state where there was no jurisdiction. Here, what I believe the prior ruling on the narrow issue of successive registration means is that the Ninth Circuit has not, and under federal law, is not taking the position of a wait-and-see. Registration means something. Under 1963, it means that a case has been commenced and a judgment has been concluded as if it were a final judgment on the merits. From a due process standpoint, what is the interest of the judgment debtor that is implicated here that warrants due process protection? What is the unfairness or potential unfairness that occurs when the judgment is registered in a place where the judgment debtor has no minimum contacts? Surprise. They should know where judgments are being entered against them. These are judgments written in stone. These are judgments as if you've just had a trial in that jurisdiction. They should know. They should be able to defend against the proliferation of actions against them. Well, but they did defend that in California. I mean, it's not like they didn't have an opportunity. I mean, this is basically the, isn't this the California, where was the original trial? California. Yeah, okay. And it's still valid in California. There's a business operating in California. They can enforce in California. It's not as if Fidelity has lost an opportunity to enforce a judgment. They have an opportunity. They have a valid California judgment. California. Right, but you were saying that it's unfair to register the judgment in Washington because they didn't, you know, your clients presumably didn't have a chance to defend against it, but they did. Well, they had, they didn't have a chance to defend against having a judgment created. I mean, you're trying to say that it's the same judgment, but it's not the same judgment when it's in Washington, and I'm having trouble with that argument. It isn't the same judgment. Okay. Under procedural law, it's an entirely new judgment. They had an opportunity to defend against that judgment in California. Your clients did. But the Washington judgment is a new judgment. Even though it's based on California, it becomes a new judgment to every court where it's registered as a Washington judgment, not as a California judgment. And the only reason, there is some trickery, the only reason they went to Washington is because the Arizona judgment expired. So they went there and created a new one to bypass that failure. It's one of those things where — The question is, is that disallowed under the law? It is disallowed under the law because the procedural law and the cases treat the registration in federal courts, not in state courts where they do have a wait and see, but in federal courts as an original judgment. And once you call a registration, the creation of a new judgment, as an independent freestanding judgment, we are triggering the requirement that there be personal jurisdiction. When you say surprise, I'm not sure I understand exactly what you mean. Are you saying surprise in the sense that someone who thinks the statute of limitations has run on a cause of action and has breathed a sigh of relief is surprised to learn that, in fact, they've been sued someplace where the statute hasn't run? Is that what you mean by surprise? I think that's part of it. I think that you should be given an opportunity to limit judgments against oneself throughout the United States. If you're being sued, you'd like to know about it. You'd like to have an opportunity to respond. In the federal scheme of judgment collection, while favorable to judgment creditors, it also says that the creation of any judgment creates a new judgment on a new action, and a new action requires jurisdiction. What rights have changed for your client, though, in this situation? I mean, there's not a different amount they have to pay. It's the same obligations that they would have had. This is an 18-year-old dispute in several cases, a racketeering case I defended. There's more been spent on attorney's fees than the amount of the original judgment. It's a grievance between the former vice chairman and the chairman. So we have to put this case in context. It's more of a grudge match than anything else, and bad facts can create bad law. If you could just answer my question, what rights have changed for your clients? Well, the right that a judgment should have only a short life in Arizona, relatively short, has been abridged because even though Arizona has said, and the Ninth Circuit referred it back to the Supreme Court of Arizona, two other decisions before as to whether or not there could be the type of registration that Fidelity did, and ruled that there can't.  So that protection under Arizona law has been eliminated by creating a successive judgment on a judgment that is deemed an independent and original action in Washington where one could not exist. They couldn't sue them there. They couldn't get another judgment there. But they have created that, and they did an end around the Arizona law and the Arizona Supreme Court's ruling that said we respect our statute of limitations and our procedures on judgment debtor rights and collection. That's what's changed. But even putting that aside, the impact of this, just a straight reading of the statute, it doesn't say, it doesn't eliminate personal jurisdiction. It actually embraces it by referring to an original judgment. And there is no case that allowed for this type of end around that happened on a judgment that was created from another judgment, as in the case of Del Prado. There was always a reason, there were always, it wasn't to subvert the state in which it's being enforced, Arizona's prior ruling on the debt. This has the appearance of a new judgment on new facts, something different than the old Arizona judgment and the old California judgment. When you say new judgment on new facts, what are the new facts? There are none, Your Honor. It has the appearance. Wait a minute, you just said it's a new judgment on new facts. I said it has the appearance of a new judgment on new facts to the Arizona court. It has the appearance of incorporating the old judgment. That's the appearance, isn't it? It has the appearance, no. Your Honor, it has the appearance of being a new judgment in Washington, distinct from the old California judgment that expired in Arizona. All right. Suppose it has that appearance. Substantively, what difference does the appearance make? The appearance matters because it then does trick. Because somebody's going to get fooled? Well, I think the Arizona court, in a way, is fooled because the Arizona court had already said that this ---- It wasn't fooled because the Arizona court saw it for what it was. If it made a mistake at all, it was a mistake that, well, you have to have personal jurisdiction. So it was not fooled. So, I mean, what's the harm of, you know, if you say it has the appearance of a new judgment? Well, it wasn't fooled because we brought it to the court's attention. Right, so it was not fooled. That's correct. So what's the harm if it has the appearance of a new judgment? Because it's creating a new judgment. No, you said it has the appearance. Yes. Now, what's the harm of the appearance? If you know the truth, you can get around it. Because it's bypassing the prior registration and expiration of the same claim. All you're doing is repeating what the court did. I don't understand what you're saying. Well, that is what the court did. It is a judgment that could not have been issued on facts or claims asserted against the defendants in the State of Washington. It could not have existed as an independent judgment against the defendants in the State of Washington. Right, fine. So what? So then it shouldn't be given the same value. That's just repeating your argument that it has the appearance of an independent judgment. Right? And it isn't. My question to you earlier was, so what harm is the appearance when everybody knows it's just a fiction, the appearance? Right? Well, when brought to the attention of the district court, it was made aware. It did? And they struck it. But it was harmed by the appearance, so what's wrong with that?  I mean, I guess you can argue if that happens ever, but that's not your case here. So you can't, you know, I mean, to say it has the appearance of a new judgment is not a factor you can depend on in pursuing this appeal, because it doesn't affect, you know, your rights at all, because you weren't fooled by the new appearance. And the court wasn't, and the court vacated. Right. So what difference does it make that it has the appearance of a new judgment? Because nobody's fooled. That's why we're asking that this panel affirm the district court's order vacating the registration of the new Washington judgment in Arizona. Okay. Thank you very much. Thank you, Your Honors. I appreciate it.  Mr. Case? Thank you, Your Honors. I'd like to direct the court's attention to the Stanford v. Utley case that's cited on our briefs. It's at 341 F. 2nd, 265. Opposing counsel basically is saying because the Washington judgment is a new judgment for every single reason conceivable, therefore it must be the sort of new judgment that requires personal jurisdiction. This very issue was addressed by Judge and later Justice Blackmun in the Stanford v. Utley case at page 271. After deciding that the judgment creditor in that case could take advantage of the registration state's longer statute of limitations for enforcing a judgment, Judge Blackmun went on to say, We do not go so far as to say that registration effects a new judgment in the registration court for every conceivable purpose. Neither do we say that it fails to do so for any particular purpose. This court's decision today is discreet. It's just to figure out whether the registration judgment creates a new judgment such that it doesn't require personal jurisdiction. It's an aspect of the very issue that Judge Blackmun pointed out. The best case for me is the Dichter v. Disko case, which cites Stanford v. Utley and explains that because registration simply expands the number of venues that a judgment could be enforceable, it doesn't affect the substantive rights of the judgment debtors. It's simply a procedural issue. And because it's procedural and not substantive and doesn't change the judgment, it doesn't trigger any due process extra protections beyond what the judgment debtor got in the original lawsuit. The only other point I'd like to make is that the major challenge that judgment debtors have in this case is they don't like the prior appeals decision by the Ninth Circuit. They consider it a way to evade the Arizona limitations on collecting judgments. But as I mentioned, I think it's just good lawyering. If something doesn't work going in one avenue, you find another avenue that tries to work. It's what you do for your client. In this case, Section 1963 was purposely enacted so that we could do this sort of thing and try to collect a judgment that otherwise would be difficult or impossible to collect. One person's subterfuge is another's creative lawyer. Exactly, Your Honor. If you have any more questions, I'll be happy to answer them. Otherwise, I'm finished. Thank you. Thank you, Your Honor. Mr. Case, Mr. Bass, thank you for your oral argument presentations here today. The case of Fidelity National Financial Incorporated v. Colin H. Friedman is now submitted. That concludes our docket for this morning and for this week, and so we will be adjourned. Thank you.
judges: Tashima, Murguia, Chatigny